Marbella at Spanish Wells v. Empire Indemnity Insurance. I'll go ahead and put the lawyers for the next case on notice. We're going to take a break after this case. Okay, Mr. Casares. Thank you, Your Honor. Good morning. I am Pablo Casares. I have the pleasure of representing the appellant, Empire Indemnity Insurance Company. I apologize for mispronouncing your name. No, no, no. That's all fine, Your Honor. I know this is Judge Locke. A couple of months ago, we discussed some of the same issues, and I know you wanted me to jump in last time. I've made my panel members aware of our discussions the last time, and I'm going to allow them to have the benefit of your wisdom. Right. Well, I've learned a lot since our discussion, and I think the previous jurisdictional question and the other cases, and obviously this case, deal with the jurisdictional question as well as the merits. The jurisdictional question is actually a very interesting one after doing the deep dive, because in the jurisdictional question and the other cases, I don't think they mentioned this additional hurdle of serious, perhaps irreparable, consequence. And then we discussed it and had a spirited debate about it during our last oral argument. And it appears to be, this is the answer to the question is, I don't think that that additional hurdle applies to true injunctions. In other words, I believe the Supreme Court, in the Gulfstream case, and in other cases, has established essentially two categories of injunctions to be considered under 1292A1. The problem is, and I understand what you're saying. Okay. The problem is, I think, whether Gulfstream said or did not say that, post-Gulfstream, and for instance, in the City of Hialeah case and Bauman and some others, it is clear that we said, whether it's injunctive or injunctive-like is the first element. And the second element is whether it has serious irreparable consequences that cannot be remedied on review. So even if Gulfstream said that, we're bound by how we've read those cases. And we seem to have separated those elements out, which is, is it injunctive or injunctive-like, element one? Element two, is there serious irreparable consequences that cannot be remedied on direct appeal? I understand that some of the language in these cases, when you're trying to connect the dots, sometimes they're a little inconsistent sounding. So when I looked at the Gulfstream case, and this was the sentence I focused on, it said, and forgive me for reading, but it says 1292A1 will, of course, continue to provide appellate jurisdiction over orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have serious, perhaps, irreparable consequences. And how we've read that sentence is, it applies to injunctions and those that are like injunctions and those things, all of those things that have serious and irreparable consequences. In other words, the answer is irreparable consequences, we have read in multiple cases has applied to both of those things. But it isn't, it's an injunction, because that begs the question, right? What's an injunction under 1292A1? That's the whole question. And the question is, it's only that thing which isn't injunctive-like, which is orders or compels something to be done in a mandatory way, and has serious irreparable consequences that cannot be remedied on direct appeal. That's what makes it an injunction under 1292A1. When I was looking at the 11th Circuit, especially Bowman, which was a seizure forfeiture case, and all of the contexts that we, and even Bowman, before coming up here, I read it again and I saw it says, quote, we have jurisdiction only if the facts fit the injunction analogy theory. Right. And so even in Bowman, this court was looking at the issue in that case under an injunction analogy theory, i.e. an effect, effectively an injunction versus a duck, right? An injunction that is in fact a duck, that is the traditional injunction that is grounded upon the merits of the case and a remedy that springs from a right that's been violated. Yeah, I just, again, it begs the question of what an injunction is. An injunction has to be something. In other words, it isn't just that district court puts injunction on top and we say, aha, it's appealable. What is an injunction? And an injunction, both the Supreme Court and we have said is, that which compels a party to do something, pay attorney's fees early, as one of the examples are, do something, go to arbitration. And then secondly, is that, does that suffer, does the opposing party suffer irreparable consequences that cannot be remedied on direct appeal? And only when those things are met will we say that it then complies. And by the way, it shouldn't be a shock, those things are exactly what Rule 65 requires. So there's parallelism between the elements in Rule 65 that are required and what we've said and what the Supreme Court has said to have the interlocutory appealable as an injunction. Couple of things to massage about that. One, in the U.S. Army Corps of Engineer case, Alabama, which was, I would characterize, and this is, we have obviously different views on sort of the result of Gulf Stream, but the way I look at the Alabama versus U.S. Army Corps of Engineer case, the court did look at that as a true, what I would consider a true injunction by no other, it didn't, it said the word injunction, it was obvious, the court was obviously enjoining the parties from doing something, versus having the effect of an injunction that other cases, even the Supreme Court cases that deal with this issue, all were dealing with things that have the effect, not the injunction, but getting back to the U.S. Army Corps of Engineer case, this court did not look at that standard that we're talking about. I agree. We didn't look at prior case law there. It's a bad decision. I agree with you. Okay, well. We're on the same page there. Okay, so that may be the reason why at the last oral argument, I was not as. Well, I think with the last oral argument, and through no fault of your own, our jurisdictional unit pointed to that case, and not to the five cases we have from the Supreme Court's last decision on this stuff, to when we got to Alabama versus U.S. Corps of Engineers. And if you look at City of Hialeah, which deals with both injunctions and like injunctions, I think the distinction is without a difference, but that looked at both of those things. It is clear that the element that you're trying to read out, which is serious or direct consequences that cannot be remedied on direct appeal, applies to everything. And that makes sense. Because if it is a true injunction, that element would be required under Rule 65. And it's of injunctive like, that element is still required. It's always going to be required to have an interlocutory appeal. The only, I think that there is a, and I don't think I'm splitting hairs here. There is a difference between the standard for getting an injunction and the standard for appealing. There is. You're right about, you are right about that. And so they have similar words, but they're not quite the same. I agree with that. And I think that if it's a, and the only 1292A1 Congress must have, and we all know that mandatory injunctions, as I've said that appraisal compelling is, that's a very, that's an extraordinary remedy to actually compel the party to take action. And so it makes sense that in 1292A1, that the word just injunction is used without any other standard because it's self-evident that an injunction. It's not self-evident because there's lots of things that court, court can order you to go to the bathroom right now. That is not irreparable in any way. That is not a direct and serious consequence to you in any particular way. And that's a silly example, of course. There's lots of things that courts order interlocutorily, discovery, lots of other things that are not appealable. So it can't just be that the court ordered you to do something you don't want to do. There has to be something more. The, I know Judge Pryor had a, in Sargent case, had a concurring opinion that may shed some light on some of this and dealing with what is considered an injunction per se versus the effect of an injunction. I don't think he dealt directly. But I said it had to be an injunctive in character. Right. The specific performance order. Right. And this is, it is our contention that this compelling, the contractual obligation here. But the point is not all orders for specific performance are injunctive in character. That, that's certainly the implication of my concurring opinion. Right. Well, yeah, I'm, albeit for me to characterize your concurring opinion, I accept that. There are cases obviously that we've cited in other jurisdictions that have equated specific appraisal with specific performance. I mean, there's, it's not, this isn't a novel. My point is, even if that's true, it doesn't get you all the way. It's, my point was that an order compelling even specific performance may not be injunctive in character. Right. Well, in this case, the court. The reasons that Judge Lux talking about. The court is having our client appoint an appraiser, pay an appraiser, pay half of the umpire. That is classic mandatory injunction relief based on a contractual. Thing that obviously has been presented by the plaintiff. Let me, and so getting to your point, though, to an end, though. I'm sorry. This, that it's not, there's a point to that order, right? The appraisal is, is toward a certain net that really provides you the relief. It compels. May or may not provide. Right. There are issues obviously that I think are important with respect to the procedure here that has been, I believe, overlooked by a lot of the middle district and southern district decisions on this case. This is a, whatever it is, it certainly is an order compelling action, which as I've said, it's injunctive or specific performance. And once that's determined, we look at, and I think a great case on this is Ferrara. 11th circuit case in Ferrara, where the court looked at the federal rule 65 and said, you know, under Hannah B. Plumer, we've got to apply this federal rule and federal equity applies to specific performance. And so we would have to look at the federal equity jurisprudence on that. All I'm trying to do with this and the other cases is we've got to establish some kind of consistency here on appraisal because here, and this is the poster child for the procedural anomaly. The complaint doesn't even mention appraisal. In fact, the appraisal was demanded after the complaint was filed. So how do we, how does that happen? And so without even an adjudication of the underlying right to the remedy, the council, you don't want consistency. You want to be done your way. I mean, well, it's been consistently done in a particular way. It's being compelled through a motion to compel. Well, the Florida courts do it in the larger sense. Your honor, I do want some, because at least I can tell my clients, this is the decision right here. We don't, we have these issues that are, we've seen several cases. We've, we've cited them all the cases that are inconsistent on this issue. And so consistency would help finality on this issue would help. It is a complicated issue because it deals with lots of federal procedural issues. Florida courts have given it some, some finality. You just don't like the result. Florida courts have been clear and uniform that this is allowed to do it that way. Not that it must be done that way, but that this is allowed. Your honor, the, the, the problem that we have here is this specific point in federal in the Florida state jurisprudence has not really been addressed head on. And for whatever reason, sometimes it's just slow to change. And so we just need some clarity, at least in this federal forum. Okay. I'll let the rest of the brief speak on the other issue. Thank you. Thank you, Mr. Kasser's. Good morning, ma'am. Please, of course, you go from our ballot. I had the benefit of listening to the arguments from March 7th. So I kind of have a sense for where all this is going. What's a little surprising is that nobody's talking about the managed care case. I'm going to do jurisdiction first cited in our brief, which is pretty much right on point. The court that this court said that. Mandating going to an arbitration hearing is not a serious or irreparable consequence. And therefore the order was not appealable. I think that case is all you need for that. If you want me to address the merits, I'm happy to do so. The purpose of appraisal, as everybody knows, is for the prompt resolution of claims. And so you address the last point your opposing counsel made. Is he correct that in Florida law, the Florida courts have not decided whether it's appropriate in the course of litigation to compel appraisal? Well, their own case, Fernandez cited in their brief at page 24 answers that question. There, the insurer raised appraisal in an affirmative defense. They moved to compel appraisal. The insurer did. Motion denied. They went up on appeal. The court of appeals reversed and told the lower court to grant the motion to compel appraisal. It wasn't an injunction. It wasn't summary judgment. It wasn't any of that. And so that case, to me, that's a 2021 case. That answers the question definitively, in my opinion. So going back to the point of how do you do this, how do you affect a prompt resolution? This is their contract, their clause. Summary judgment doesn't fit because you're going to have to go through discovery and all of that stuff. And then you run head on into waiver. And if you participate in the litigation process, you don't get appraisal. You have to do it early. So summary judgment doesn't fit. Rule 65 doesn't fit either because, as was discussed in March, I have an adequate remedy at law. We want money. And so I'm not going to walk in there and say I have irreparable harm. Because if my motion to compel appraisal is denied, I've got to go through discovery. I've got to get experts. And if it works out for me, great. If it doesn't, then I'll appeal and say I should have gotten the this should not have been decided by a jury. Your claim is a little different than the ones in the March oral arguments there, at least for some of them. They actually filed a direct claim on a breach of contract for not giving appraisal. In other words, what happened in those cases is they asked for appraisal. The insurance company said no. And then a lawsuit was filed. And one of the claims in the lawsuit was we want our appraisal. That's right. And they breached. So there it is sort of a separate remedy that is different and apart from a general breach of contract damages. Well, we didn't need to plead breach of the appraisal provision because the appraisal provision just gives us a mechanism for quantifying the loss. And so it would be duplicative to just throw that in there. It wouldn't add anything. So that's why we didn't do it. We invoked appraisal, by the way, before the case was filed. And that didn't they didn't want to participate. We filed the case. And then we moved to appraise as soon as possible. There's no issue about that. But so the only way you can't do it in Rule 56. That's on the merits. You can't do it. Rule 65. Plus, the other thing about Rule 65 is that 65C requires a bond. And I know the bond could be waived. But who wants to get involved in a litigation over what kind of a bond would you put on an appraisal that hasn't even happened? The other thing about that is. It could be the cost of the appraisal. It could. Or it could be. But you have to. It's whatever damage it would do to the party who could win later on the merits. And that's completely not contemplated by the contract. The contract is real clear. It's a simple process. Their contract, they wanted a different procedure than they should put it in the contract. It's just not there. And so I think the motion to compel is the most efficient way to achieve that objective of a prompt resolution of claims by just allowing a straight motion. The court could do that. It has the power to do that because of its inherent power to manage its docket. And so I think that's the only way to do it. And Judge Luck, as you said, that's how the floral courts do it. It doesn't make any sense to have a different procedure in federal court than you would in state court, especially on this issue. If there are any other questions, I think we'll just rest on our brief. Thank you very much, Mr. Kallela, Mr. Caceres, you've got three minutes. And then we'll take the break. So appraisal is not arbitration. So the rules applicable to arbitration that deal with the right to appeal don't apply. What we're dealing with, and in terms of the record, I believe in the motion to compel appraisal, I believe. But I think his point with the managed care case that he was referring to is that it's a lot more, an appraisal award is a lot more final, you know, it's not exactly final than, I'm sorry, an arbitration award is much more final than an arbitration award, than an appraisal award. And there, we said that there would be no appellate, you know, interlocutory appeal jurisdiction under 1292A2 or A1, the injunction one, simply because of that there's no serious irreparable consequences because you can appeal this thing, you can have a remedy at the end of the day. Yeah, I'm not, if it's arbitration, I think there's a different appellate rule procedure. So now there's, the FAA is involved and has provisions, but that case was before a lot of that happened, and it's dealing with 1292, the issue that we're dealing with today, 1292A1. So we didn't get to the serious or perhaps irreparable. So getting to that point, it doesn't, it's not irreparable harm. You're right. Okay. It's just serious consequence. There's no question that having my client or anybody go to an appraisal, pay appraisers, sometimes hundreds of thousands of dollars, I've seen it, okay, to do this, believe it or not, that that is a serious consequence. And it also, they didn't plead it. The cause of action for breach of contract, their goal is to essentially have this extra judicial body that isn't the same as arbitration because there's no due process, minimal due process or anything like that. But the goal is to have that extra judicial body decide issues that are subsumed in the breach of contract. And that's a big deal. And that's a serious consequence. Perhaps irreparable, depending on how things go, because also the appraisal clause has a time period. Well, the policy has a time period. It's not irreparable if you're right. In other words, if you're right that this has to be done, either there was summary judgment or rule 65, then we would simply vacate the judgment and send it back for this to be done through the judicial process. I don't see how that's irreparable. Well, other than money and how there's not a serious consequence. And other than money, which we've been pretty clear does not get you there. Right. Irreparable is, again, serious. We've talked about that. I'm going to jump in here. This is in your client's own policies, right? I'm sorry? This is in the insurance policies. That's right. Right. So why do you put it in the policies if you hate it so much? I mean, I know it's only supposed to apply to certain types of covered losses and this and that, and you've got that debate. But it's just peculiar to me that you're objecting and want this interlocutory appeal when you have control over the policy, what's in the policy. Well, this isn't just- And we've got to construe it against you, right? Right. This isn't just about the appraisal provision overall. It's about the court in this particular circumstances without allowing any defenses or in summary judgment evidence, without summary judgment evidence compelling appraisal. I understand it's about a procedural process. I understand that. But you can also cover some of that. I mean, you have lots of procedural things you put in the policy. Proof of claims, times for filing suit, times for making a claim. You can cover a lot of this in the policy. It's just peculiar that we're now supposed to take this policy on interlocutory appeal and clean it all up. Yeah, I know I'm over time, but I think about- I mean, you need to understand that's part of it. And so there's a lot of remedy here. Right. I appreciate your concern on that. There's other issues, particularly- Let me go back to one last concern. As I understand it, the policy provision here is the same as in the March cases. I know the posture is a little bit different in the complaint and so forth, but the policy term is the same, right? It is, it is. And the point that I was getting to- I just wanted to make sure. I thought that was the case. I compared it. Right. No difference. And the jurisdictional issue is the same. Right. And to the point of, Judge Long, I didn't get to finish my answer to your question. The fact that if the appraisal word is entered, the carrier has a clock ticking to pay. And so that also is- Okay, Mr. Kent. Thank you so much. Tested by Lemon. We're going to take a short recess, probably about 10 minutes.